IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | |
| of AMERICA | : | CRIMINAL |
| | : | No. 83-314-1 |
| v. | : | |
| | : | |
| GEORGE MARTORANO | : | |

## MEMORANDUM

PRATTER, J.                                                                                                         JUNE 21, 2011

### INTRODUCTION

Twenty-seven years after pleading guilty to various drug-related offenses, and 23 years after he was sentenced for those crimes, George Martorano now moves to correct his sentence pursuant to the former Federal Rule of Criminal Procedure 35.[1] Mr. Martorano claims that his sentence is illegal and must be vacated.

For the reasons discussed below, and following close and careful consideration of the very fine advocacy rendered to Mr. Martorano and the Government, Mr. Martorano's motion will be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

The background of this case is set forth in *United States v. Martorano*, 2007 U.S. Dist. LEXIS 78074 (E.D. Pa., October 19, 2007) (denying an earlier motion by Mr. Martorano to

---

[1] Mr. Martorano makes this motion under former FED. R. CRIM. P. 35(a), which is available to individuals whose offenses were committed prior to November 1, 1987. In June of 1984, Mr. Martorano pleaded guilty to a number of offenses he had theretofore committed. Thus, the former Rule 35(a) is available to him. That Rule allowed an individual to bring a motion to correct an illegal sentence at any time. Because Mr. Martorano's motion addresses only the former Rule 35(a), references to Rule 35(a) in this Memorandum are to the former Rule.

correct his sentence under Rule 35).

In the current motion, Mr. Martorano asserts that his 1984 sentence was illegal because it was a "general sentence" of the kind rejected by the Third Circuit Court of Appeals in *United States v. Ward*, 626 F.3d 179 (3d Cir. 2010). In *Ward*, the Court held that where a defendant had pled guilty to five counts relating to production and transmission of child pornography and making false statements, the district court committed a plain procedural error when it sentenced the defendant to an undivided sentence of 25 years of imprisonment on all five counts, rather than sentencing him separately on each count. The Court explained that such a general sentence is inconsistent with Section 5G1.2 of the Sentencing Guidelines,[2] and observed that a general sentence prevents the appellate courts and the defendant from determining whether the sentence is legal as to any particular count. *Id.* at 184. As a result, the case was remanded to the district court for resentencing. *Id.* at 184-185.

Mr. Martorano also renews an objection to his sentence under *Rutledge v. United States*, 517 U.S. 292 (1996), in which the Supreme Court held that conspiracy, as defined in 21 U.S.C. § 846, is a lesser included offense of a continuing criminal enterprise ("CCE") violation, defined in 21 U.S.C. § 848, and that a defendant therefore cannot be convicted of violating both of these

---

[2] U.S.S.G. § 5G1.2(b) provides that, except as otherwise required by law, "the sentence imposed on *each other count* shall be the total punishment" (emphasis added)); *id.* § 5G1.2(c) ("if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences *on all counts* shall run concurrently, except to the extent otherwise required by law" (emphasis added)).

Application Note 1 for this guideline clarifies that, in general, "the total punishment is to be imposed on each count and the sentences on all counts are to be imposed to run concurrently to the extent allowed by the statutory maximum sentence of imprisonment for each count of conviction."

2

statutes.[3] This Court has previously held that although Mr. Martorano was convicted of violating both § 846 and § 848, Rule 35 is not a proper mechanism for challenging a conviction,[4] and Mr. Martorano's sentence was not inconsistent with *Rutledge* or the Fifth Amendment's Double Jeopardy Clause because he was given a general sentence on all counts, and, hence, was not sentenced "twice" on the basis of a single conviction. *Martorano*, 2007 U.S. Dist. LEXIS 78074 at *12-14. Mr. Martorano now proposes that the Court should reconsider this ruling in light of *Ward*, and should vacate his sentence under Rule 35 as inconsistent with *Rutledge*.

## DISCUSSION

Mr. Martorano pled guilty to 19 counts. His general sentence, to life imprisonment without parole, exceeded the statutory maximum for all but one of these 19 counts, with the lone exception being his CCE offense. When Mr. Martorano was sentenced, conviction of CCE offense permitted a maximum sentence of life imprisonment without parole.

This case is thus partially analogous to *Ward*, in which the general sentence imposed by the district court exceeded the maximum permitted sentence for three of the five counts to which the defendant had pled guilty, but did not exceed the maximum for two others.[5] As the

---

[3] Because the Supreme Court found that a guilty verdict on a § 848 charge necessarily includes a finding that the defendant participated in a conspiracy in violation of § 846, the Court held that the conspiracy conviction, as well as the sentence for that conviction, must be vacated. *Id.* at 307.

[4] Courts have "uniformly" construed Rule 35 "to be limited to consideration of the validity of a sentence itself," and have thus held that it cannot be used to challenge the merits of the underlying conviction. *United States v. Smith*, 839 F.2d 175, 182 (3d Cir. 1988).

[5] As noted above, the defendant in *Ward* received a general sentence of 25 years imprisonment. Two of counts to which he pled guilty carried a maximum of 30 years imprisonment, per count, with a mandatory minimum of 15 years imprisonment. *Ward*, 626 F.3d at 181.

3

Government has observed, however, Mr. Martorano's situation differs from *Ward* in an important respect: *Ward* was a Sentencing Guidelines case, while Mr. Martorano was sentenced for crimes that he committed before the Guidelines went into effect.[6] Indeed, *Ward* explicitly rejects the argument that a set of pre-Guidelines cases[7] might resolve or control the legality of general sentences in this Circuit, noting that these cases "did not concern the Sentencing Guidelines and are inapposite here." *Id.* at 185, fn. 8.

Mr. Martorano makes much of the word "and" in the quoted footnote passage from *Ward*, arguing that the Court in *Ward* must have intended to conjoin two distinct observations - namely, that (1) the cited cases did not concern the Guidelines; and, separately, (2) the cited cases are also, for independent reasons, inapposite. This hyper-compartmentalized reading not only belies the more obvious interpretation of the passage, but seems to be premised on speculation about the Court's unstated reasoning,[8] and assumes that the Court intended to reverse decades of

---

[6] Mr. Martorano was indicted in September of 1983. The Sentencing Guidelines do not apply to offenses committed before November 1, 1987. *See United States v. Rosa*, 891 F.2d 1063, 1068-1069 (3d Cir. 1989).

[7] These three cases, cited by the Government in *Ward*, were *United States v. Xavier*, 2 F.3d 1281, 1292 (3d Cir. 1993) (vacating consecutive sentences for counts that were the "same offense" under *Blockburger v. United States*, 284 U.S. 299 (1932), and remanding with instruction that the district court "impose a general sentence on all counts for a term not exceeding the maximum permissible sentence on that count which carries the greatest maximum sentence"); *United States v. Corson*, 449 F.2d 544, 551 (3d Cir. 1971) (*en banc*) (the only way to prevent impermissible penalty "pyramiding" was to impose a general sentence on all counts for a term not exceeding the maximum on the count carrying the greatest maximum); and *Jones v. Hill*, 71 F.2d 932 (3d Cir. 1934) ("a general or gross sentence may be imposed under an indictment containing more than one court so long as it does not exceed the aggregate of the punishments which could have been imposed upon the several counts").

[8] Mr. Martorano argues that while *Corson* and *Xavier* each "involv[ed] the special circumstance of a defendant who has been convicted of multiple crimes arising from a single transaction which violate different parts of the same statute," this case does not involve such a circumstance, and that this fact – not the intervening promulgation of the Sentencing Guidelines – "is why the *Ward* court stated in foonote 8 that *Corson* and *Xavier* were 'inapposite.'" Had the Court of Appeals intended to create such a distinction, it could have done so, but none of this creative reasoning actually appears in *Ward*.

4

precedent establishing the legality of (and in some circumstances, the preference for) general sentences in the pre-Guidelines context using ambiguous language embedded in a footnote.[9] In fact, the arrangement of the opinion suggests that *Ward*'s analysis of the Sentencing Guidelines was crucial to its outcome. *Ward*'s conclusion that the district court erred in assigning a general sentence is presented in the final sentence of a paragraph containing nothing but a brief summary of Guideline Section 5G1.2 and citations to excerpts from that Section and its Application Notes. A careful reading of *Ward* thus suggests that the Sentencing Guidelines were both a necessary and sufficient basis for the Court's ruling as to the legality of the general sentence.[10]

Thus, although Mr. Martorano establishes that the courts of other circuits have long barred the issuance of general sentences, and have held that such sentences are illegal even when

---

[9] *See, e.g., United States v. Rose*, 215 F.2d 617, 630 n. 22 (3d Cir. 1954) ("although the better practice in imposing sentence in multiple counts is to specify a term as to each count," a general sentence is "not of sufficient importance to require the case to be remanded for resentencing"); *Corson*, 449 F.2d 544; *United States v. Gomberg*, 715 F.2d 843, 851-852 (3d Cir. 1983) (directing district court to impose a general sentence to remedy Double Jeopardy Clause problem created by conspiracy and CCE convictions); *Virgin Islands v. Braithwaite*, 782 F.2d 399, 407-408 (3d Cir. 1986) (directing district court to impose a general sentence for convictions under two sets of statutes, with that sentence not exceeding the maximum on the conviction carrying the greatest maximum); *United States v. Aguilar*, 843 F.2d 735, 737 (3d Cir. 1988) (*per curiam*) (directing district court to vacate separate sentences on conspiracy and CCE offenses and impose a general sentence for both); *United States v. Torres*, 862 F.2d 1025, 1032 (3d Cir. 1988) (where law permits separate and discrete offenses to be charged and does not permit separate and discrete sentences to be imposed, the proper procedure is to impose a general sentence for a term not exceeding maximum on the count carrying greatest maximum); *Blyden v. Van Putten*, 930 F.2d 323, 328 (3d Cir. 1991) ("the consistent practice in this Circuit to remedy multiplicitous convictions that may implicate the Double Jeopardy Clause is to require trial judges to impose a general sentence for all said convictions"); *Xavier*, 2 F.3d 1281.

[10] *Ward* quotes the language from U.S.S.G. §§ 5G1.2(b) and 5G1.2(c) and Application Note 1 that appears in fn. 2, *supra*, and then, with no additional explanation, concludes: "Accordingly, the District Court erred by failing to impose a sentence on each count, and that error is plain." *Id.* at 184.
Only *after* presenting this conclusion does *Ward* go on to discuss the problems inherent in general sentences, which the Court cites as justification for remanding that matter for resentencing. *Id.* at 184-185. It is in the midst of this discussion that one finds footnote 8, containing the language upon which Mr. Martorano has hung his proverbial hat.

5

imposed outside of the context of the Sentencing Guidelines, he has not demonstrated that our Court of Appeals sought in *Ward* to adopt a similarly broad rule for the Third Circuit.[11] Nor, indeed, has he adequately addressed the question of whether, if *Ward* did announce such a rule, that rule would apply retroactively to his general sentence.[12]

Footnote 8 of the *Ward* opinion also makes reference to *Rutledge*, 517 U.S. 292, noting that "to the extent [that distinguishable pre-Guidelines cases] can be read as permitting a general sentence on multiple convictions to cure a Double Jeopardy problem, the Supreme Court has since rejected such an approach [in *Rutledge*]." *Id.* Mr. Martorano argues that this comment, read in concert with the *Ward* observation that imposing a general sentence on multiple counts could be interpreted as imposing concurrent sentences on those counts, *id.* at 184, breathes new life into his theory – which this Court previously rejected in *Martorano*, 2007 U.S. Dist. LEXIS 78074 at *12-14 – that *Rutledge* entitles him to resentencing.

In fact, nothing in *Ward* undermines this Court's conclusion that *Rutledge* claims cannot be raised in a Rule 35 motion. Although *Rutledge* vacated the defendant's conspiracy sentence,

---

[11] Mr. Martorano quotes footnote 8 of the *Ward* opinion as emphasizing that the Court of Appeals has long "expressed a dissatisfaction with general sentences and ... declared it 'highly desirable that the trial judge in imposing sentence on an indictment containing more than one count deal separately with each count.'" *Id.* at 185, fn. 8 (*quoting Corson*, 449 F.2d at 551 and *Rose*, 215 F.2d at 630). This is true, of course. But the cases quoted by *Ward* were both decided in the pre-Guidelines context – and in neither of these cases did the Court of Appeals hold that a general sentence was illegal *per se*.

[12] Mr. Martorano cites *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978), for the proposition that because a Rule 35(a) motion is a motion in the original case, as part of direct appeal, and is not a collateral attack, the Court must apply any new cases retroactively "without the need for any analysis of whether [those] new case[s] should be retroactive."

Whether or not this is an accurate summary of *Shillingford*, this is not the law in the Third Circuit. *See United States v. Woods*, 986 F.2d 669 (3d Cir. 1993) (explaining at length, in ruling on a motion under the old Rule 35(a), why there are restrictions on retroactive application of new judicial decisions in this context; and holding that a new Supreme Court opinion did *not* apply retroactively to the defendant's sentence, because he had not shown that he suffered "a complete miscarriage of justice").

6

it did so in the context of a successful Double Jeopardy challenge to the defendant's underlying conviction. 517 U.S. at 307. "By its plain language, [however,] Rule 35(a) is limited to claims that a sentence itself is illegal, not that the conviction underlying a sentence is infirm" – and as a result, where a petitioner asserts a *Rutledge* claim in the context of a Rule 35 motion, his motion is more appropriately construed as a motion challenging his conviction under 28 U.S.C. § 2255.[13] *United States v. Little*, 392 F.3d 671, 678 (4th Cir. 2004) (holding, where petitioner sought to challenge his CCE and conspiracy convictions and sentence under *Rutledge* in the context of a Rule 35 motion, that his motion should be construed as one under § 2255).[14] Mr. Martorano has not sought the requisite authorization to file a § 2255 motion, which would be his third.[15] As a

---

[13] A motion under § 2255 is a means by which a federal prisoner "claiming the right to be released upon the ground that [his] sentence *was imposed* in violation of the Constitution or laws of the United States" can attack his conviction and sentence in federal court. 28 U.S.C. § 2255 (emph. added).

[14] *See also Smith*, 839 F.2d at 182 (noting that "courts have refused to consider claims under [Rule 35] that involve the merits of the defendant's conviction"); *United States v. Canino*, 212 F.3d 383, 384 (7th Cir. 2000) (post-conviction motion premised upon a *Rutledge* violation does not fall within Rule 35); *United States v. Pray*, 187 Fed. Appx. 131, 132 (3d Cir. 2006) (non-published opinion) (citing *Smith*, 839 F.2d at 182 and *Canino*, 212 F.3d 383, and noting that even a *Rutledge* claim styled as a challenge to petitioner's sentence, and not his conviction, cannot be raised in a Rule 35 motion); *United States v. Jeffers*, 388 F.3d 289 (7th Cir. 2007) (applying *Canino* where petitioner "identified no error in his sentence *per se*; the sentence [was] improper only to the extent that the Double Jeopardy Clause precludes [petitioner's] CCE conviction").
Given the particulars of this case, it should be mentioned if this Court were to apply *Rutledge* to this case, as Mr. Martorano has requested, it is hardly certain that it would have any impact on Mr. Martorano's sentence. As noted above, Mr. Martorano's CCE offense carried a maximum sentence of life imprisonment without parole. This is the sentence that he received. There is nothing in *Rutledge* or any other case cited by Mr. Martorano that would indicate that the appropriate means of correcting his sentence under *Rutledge* would be to vacate his CCE sentence as opposed to vacating his sentence for the lesser included offense of conspiracy. Indeed, logically, such a result would be inconsistent with the very concept of a "lesser included offense."

[15] Mr. Martorano has already filed two § 2255 motions. These were filed before Mr. Martorano's case was assigned to this Court's docket. He filed his first such motion in September of 1994. In March of 1995, the district court denied Mr. Martorano's motion; in January of 1996, the Court of Appeals affirmed; and in June of 1996, the Supreme Court denied his petition for a writ of certiorari. *United States v. Martorano*, 77 F.3d 465 (3d Cir.), *cert. denied*, 517 U.S. 1235 (1996). Mr. Martorano filed a second § 2255 motion in 2000, which the district court also denied. *United States v. Martorano*,

7

result, his *Rutledge* claim is not cognizable.

## CONCLUSION

Given that *United States v. Ward* does not clearly establish the illegality of a general sentence outside of the context of the Sentencing Guidelines, and does not disturb this Court's conclusion that a claim challenging a conviction under the Double Jeopardy Clause and *Rutledge v. United States* cannot be presented in the context of a Rule 35 motion, Mr. Martorano's motion to correct his sentence will be denied. An Order to this effect follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

2001 U.S. Dist. LEXIS 11656 (E.D. Pa. August 8, 2001). He requested that the court reconsider its decision to decline to issue a certificate of appealability, but this motion was denied as well. *United States v. Martorano*, 2001 U.S. Dist. LEXIS 20883 (E.D. Pa. December 11, 2001).

8